# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1
STATEMENT OF FACTS ........................................................................................2
ARGUMENT................................................................................................. 11
   I.   EACH OF THE PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER AND THE EXTENSION ORDERS SHOULD BE VACATED AS AGAINST AHAUS TOOL & ENGINEERING INC. ON THE GROUNDS THAT EACH IS VOID BY VIRTUE OF THE PLAINTIFFS' INTENTIONAL FAILURE TO PROVIDE AHAUS WITH NOTICE OF THE MOTIONS IN SUPPORT THEREOF AND THAT SUCH ORDERS WERE IMPROVIDENTLY ENTERED………..…………..……….................... 11

      A.  The Complaint Was Improperly Filed under Seal Pursuant to Section 107 of the Bankruptcy Code ...................................................................................... 12

      B.  Ahaus Was Not Served with Notice of the Motions in Support of the Preservation of Estate Claims Procedures Order and Each of the Extension Orders……………………………………….………………………… 14

  II.   THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS AND SHOULD BE DISMISSED. ............................................................................... 17

 III.   IN THE ALTERNATIVE, THE COMPLAINT IS BARRED BY JUDICIAL ESTOPPEL AND SHOULD BE DISMISSED.............................................................. 20

IV.   IT IS INEQUITABLE AND A PERVERSION OF PREFERENCE LAW TO PERMIT THE ADVERSARY PROCEEDING TO GO FORWARD AGAINST AHAUS……………………………………………………………….22

CONCLUSION................................................................................................ 28

MEMORANDUM OF LAW...................................................................................... 29

# TABLE OF AUTHORITIES

## Cases

Ahern v. Neve, 285 F.Supp.2d 317 (E.D.N.Y. 2003) ................................................. 18

Bank of Cape Verde v. Bronson, 167 F.R.D. 370 (S.D.N.Y. 1996) ............................ 18

Barcia v. Sitkin, 367 F.3d 87 (2d Cir. 2004) ................................................................ 15

Diversified Hospitality Group, Inc. v. Carson Pirie Scott & Co., 1991 WL 35953
 (S.D.N.Y. Mar. 8, 1991) .................................................................................... 19

Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.),
 288 B.R. 701 (Bankr. S.D.N.Y. 2003) ............................................................... 19

Galerie DesMonnaies of Geneva, Ltd. v. Deutsche Bank, A.G., New York Branch (In re Galerie DesMonnaies of Geneva, Ltd.), 55 B.R. 253 (Bankr. S.D.N.Y. 1985) …. 21, 22

Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1 (1st Cir. 2005). ................................................................................................................. 12

Grannis v. Ordean, 234 U.S. 385 (1914). .................................................................. 14

In re Cornwall, 9 Blatchf. 114, 6 F.Cas. 586 (C.C.D. Conn. Sept. Term 1871) ............ 18

In re Food Management Group, LLC, 359 B.R. 543 (Bankr. S.D.N.Y. 2007) ........ 12, 13

In re Service Merchandise, et al., Case No. 399-02649 (Bankr. M.D. Tenn. Feb. 27, 2001). ................................................................................................................ 14

In re Venture Mortgage Fund, L.P., 245 B.R. 460 (2000) ..................................... 20, 21

Morse v. Perrotta (In re Perrotta), 406 B.R. 1 (Bankr. D. N.H. 2009). ........................ 18

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). ................... 14, 15

Mused v. U.S. Dep't of Agriculture Food and Nutrition Serv., 169 F.R.D. 28 (W.D.N.Y. 1996). ........................................................................................................... 19, 20

New Hampshire v. Maine, 532 U.S. 742 (2001). ...........................................................20

Rosenshein v. Kleban, 918 F.Supp. 98 (S.D.N.Y. 1996)............................................... 20

Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24 (2d Cir. 1994). ........................................................................................ 13, 14

Weigner v. City of New York, 852 F.2d 646 (2d Cir. 1988)......................................... 15

## Statutes

11 U.S.C. § 107(a). ...................................................................................................... 12

11 U.S.C. § 107(b). ...................................................................................................... 13

11 U.S.C. § 546(a). .......................................................................................................17

28 U.S.C. § 2075............................................................................................................ 18

Fed. R. Bankr. P. 7004(a). ............................................................................................ 17

Fed. R. Bankr. P. 7012(b). ............................................................................................ 20

Fed. R. Bankr. P. 9024.................................................................................................. 11

Fed. R. Civ. P. 12(b)(6)................................................................................................. 20

Fed. R. Civ. P. 4(m). ..................................................................................................... 17

Fed. R. Civ. P. 60(b). .................................................................................................... 11